**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

BRANDON ALLEN,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )          No. 4:26-cv-00177-CMS
                                        )
OFFICER MICHAEL COHEN,                  )
                                        )
            Defendant.                  )

## MEMORANDUM AND ORDER

Self-represented Plaintiff Brandon Allen brings this civil action for alleged violations of his civil rights against St. Louis police officer Michael Cohen.  ECF Nos. 1 & 4.  This matter is before the Court upon two motions filed by Plaintiff: an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) and a Motion for Appointment of Counsel (ECF No. 3).  As explained below, both motions will be denied.  As such, Plaintiff must pay the full $405 filing fee within **fourteen (14) days**.

### Motion to Proceed without Prepayment

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Proceeding without prepayment of fees and costs, or *in forma pauperis*, is a matter of privilege, not of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, Plaintiff apparently does not qualify for *in forma pauperis* status based on the financial information provided on his Application.  Plaintiff states that his current gross income is $6800 monthly, that he has $350 in cash, that his expenses are $2590 monthly, and that his two dependents rely on him for $1000 a month in total support.  ECF No. 2 at 1-2.  After deducting expenses and obligations from income, Plaintiff appears to add around $3000 each month to his current savings of $350.  Plaintiff does reference some other financial obligations, but they are "currently unknown," "subject to" conditions, or he fails to provide a regular debt payment amount.  *Id.* at 2.  Even considering his stated "[o]ther consumer debts" total of $1657, *see id.* at 2, Plaintiff appears capable of paying the litigation costs for this matter while still being able to provide for the necessities of life.  *See Adkins*, 335 U.S. at 339.  Therefore, the Court will deny Plaintiff's Application to Proceed without Prepayment.  In order for this case to proceed, Plaintiff must pay the full $405 filing fee within **fourteen (14) days** of the date of this Order.

### Motion for Appointment of Counsel

Plaintiff also has filed a motion for appointment of counsel.  ECF No. 3.  The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  There is no constitutional or statutory right to appointed counsel in civil cases.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Once a plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim.  *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986).  The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel.  *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds, Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).  This determination involves consideration of several relevant criteria, including the complexity of the legal issues and

2

arguments, the ability of the indigent person to investigate the facts and present the claims, and the existence of conflicting testimony.  *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law.  Further, the request for counsel is premature, as defendant has not yet been served, and the Court has not issued a Case Management Order.  The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee within **fourteen (14) days** of the date of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 14th day of July, 2026.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE

3